Good afternoon your honors, Alan Zarki on behalf of Mr. Hendrix and I would like to reserve six minutes for rebuttal. My plan is to focus on the greater offenses in counts three and six. It would be easy your honors to say this is all some dry technical analysis of the exact meaning of wording and certain instructions and verdict forms but at its core this is about the fundamental right of a defendant not to be retried absent a jury being discharged from manifest necessity and that didn't happen here. There are a couple of guiding principles. If it wasn't manifest necessity when they could not come to a verdict after how many days, how many notes, how many instructions, they had an Allen charge, they had everything that was given to them to try to make them or help them reach a verdict and they simply couldn't and then not only did they not say not I guess what I'm asking is it seems to me from reading your your brief that you're saying that unless the district court makes a specific and uses the actual word mistrial in the statements without regard to the totality of the circumstances that that means it's an automatic or implied acquittal and if so and I think we all understand that if there's an acquittal double jeopardy would apply but when there's been no decision no verdict on behalf of the jury how is it that this is not simply a mistrial they can't be retried again. I don't think it's just semantics I think that you have to read the facts of this case in its entirety. Your honor with due respect I disagree on nearly every premise of what you said. First of all the court did not I'm not first of all the jury instruction did not call for the prior the jury to be hung before they could turn to the lesser. This instruction unlike the one in Brazel and even there that wasn't enough said if any of you have a reasonable doubt you can turn to the lesser and then the court so the jury quite reasonably may well have have one person have a reasonable doubt on the greater and turn to the lesser but then the critical fact is the court never inquired whether they were hung on this subsection of this count. The court's question was in regard to the counts you are unable to reach a verdict is it your opinion the jury is deadlocked now the government hears in that that a yes means they were deadlocked on the greater charges in but that doesn't follow at all. Only that would only be even a possible inference if the jury understood verdict forms 2a and 2b to be different counts. Nothing told them those were different counts and instructions 19 and 22 told them you can move to the lesser without being hung on the greater. I what I'd like to also your honor a critical point here is the burden is on bears a heavy burden as Brazel makes clear. How do you make this implication that you have what you're saying is an implied acquittal? Your honor because let's take Brazel. If there's going to be an acquittal it seems to me that that's going to have to be unanimous and just simply because there may have been an issue with respect to what was said I don't see how you get to that point that to the point that you're going to raise the level of double jeopardy as being an issue seems like if there's ever been a case for mistrial this would be it. No your honor because what Brazel makes clear is an inability to agree with the honor greater with an option of compromise on a lesser does not satisfy the high threshold for disagreement required to allow retrial and they say again genuine deadlock is fundamentally different from a situation where jurors are instructed that if they cannot agree they may compromise but the jury wasn't even told that they didn't this instruction unlike in Brazel didn't require that the jury cannot agree it only required that one juror have a reasonable doubt and the other jurors may have formed no opinion whatsoever so I disagree your honor there is no basis for finding. So what is that called if it's 11 to 1? Is that an acquittal? Well your honor if if they are 11 to 1 and truly hung and the court determines they are truly hung and what does the court have to do to make sure to determine that they're truly hung? Instead of asking about counts that do not include these two counts the court should have said as to the greater in in verdict forms two and four I see that you left it blank are you deadlocked? He never asked anything like that he asked a did not apply to counts three and six were vertical so did did anyone at did anyone on behalf of defendant ask the court to do that? No your honor and there was no no call for the court for them to do that for why not if that was critical to the defense's uh position that that that was required to have a valid mistrial why wouldn't that be brought to the court's premises to have a valid mistrial the court never declared a mistrial on these counts right but if the court had the defense's view that something else needed to be done why wouldn't that be brought to the attention of the court? No because nothing else did need to be done what what Braswell says Braswell says excuse me is that once the jury moves to the lesser and returns it that is an implied acquittal at that time the doctrine of implied consent has never been applied to anything other than a declaration of a mistrial. But counsel on the one hand you say the district court should have said something else and on the other hand you're saying that there was nothing else required to be done by the district court so that's kind of a mixed mixed message in terms of your in terms of your argument. I respectfully disagree your honor I'm saying without doing more there was an implied acquittal the court could have done more and then we wouldn't be on this record where we're guessing what was in the jury's minds. I agree but I think the judges also rely on the parties to inform the court as to what the issues are at a time when the court can react to those and correct any deficiencies in the trial at that point. Well your honor I think if the court is doing something wrong there may be an obligation to speak up we're not saying a court did anything court did something wrong you're saying the court did not adequately declare a mistrial. Well first of all it's clear that the court never declared a mistrial on these counts but I'm saying that when the court accepted the verdict of guilty on the lesser and under without inquiring to the greater there was an implied acquittal. That's not doing something wrong that's what the district court did in brazil or excuse me in that case the superior court that's the district court did in in green and in those cases the supreme court and this court found that there was an implied acquittal. Counsel do you agree do you agree that there was a mistrial as to um as to the other counts other than count three and six? I agree that the court declared a mistrial. All right so I'm looking at the I'm looking at the verdict form that came back from the jury and for example on the first one which was possession of of meth in the u-haul the jury comes back with and doesn't check either box. Right. And that and that indicated that there was a that there was a that they were deadlocked on that one. With respect to paragraph two there's a 2a and 2b there's only a box for guilty or not guilty and the and the jury does exactly the same thing it doesn't check either box but then it comes down and checks guilty as to 2b the lesser included offense. So why don't we have the same inference with respect to the failure to to answer uh 2a as we do with respect to to to paragraph one? For two critical reasons your honor one is because the jury instruction told them that they didn't need to deadlock to leave a blank on 2a. The second is that the court never asked about this count the count the court asked let me put it this way this is a count 2a and b together is a count as which the jury did reach a verdict. They reached a verdict and the court asked as to counts in which you did not reach a verdict. That excludes counts three and six and so the jury had no reason to understand this question is applying to them. So a the instructions told the jury they didn't need to hang to leave this blank and b we have no information from the jury that they are hung. I see I'm below the six minutes I'd like to preserve if the court will allow I'll stop at this point. All right thank you counsel. Thank you. We'll hear from the government. Good afternoon your honors and may it please the court Michael Morgan for the United States. The threshold question of whether or not there was manifest necessity for a mistrial writ large seems evident on this record. The jury deliberated over two days. They announced they were hung after about four hours. They received an Allen charge. They continued to deliberate. Deliberations apparently broke down to the point that one juror was being harassed by their fellow jurors so we knew there was a holdout. At that point when the jury returns and declares itself deadlocked the court has no real alternative at that stage but to declare a mistrial and this court's precedents don't anything further at that point. There's no need for further inquiry. The jury has made plain that it is deadlocked and a mistrial in that circumstance is totally appropriate. With respect to the extent of the mistrial declaration as a matter of law there is no requirement that the court do anything say anything. If you discharge a jury that has not reached the verdict that is a mistrial. That has been clear since the Supreme Court's seminal decision in Perez and in fact that's exactly what happened in Perez. In Perez the jury could not reach a verdict and they were discharged. There was no declaration of anything and the Supreme Court held in those circumstances you can that's a manifest necessity of warranting a warranting a new trial and that's a mistrial. So the formula the court's formulation of how it was declaring a mistrial and as to what counts is not controlling. What is controlling is what court did and the court discharged this jury that had not returned verdicts that is a mistrial. With respect to the extent of the juror's deadlock the defense is ignoring the instructions the court gave as to how to return a partial verdict. Three times the jury was instructed that to return a partial verdict check the check the portions of the form about which you can unanimously agree and leave those portions of the form that you cannot unanimously agree blank. So those instructions taken together with the transition instruction for the lesser included. When you read those two together it is clear that when the jury does not check a box in counts three and six for the greater offenses it is manifesting that it is deadlocked. That is exactly what the court told it to do. The jury could really not have been much more clear on this point and I understand that the court when and when you look at what the jury did when it returned its verdict. It said it had reached the verdict on quote two charges not counts not anything charges and if you look at the verdict form each of these options is phrased as a charge not a count. They're not the verdict form doesn't return to refer to anything as a count it's charges. So again when the jury says it has a verdict on two charges it has reached a verdict on the two lesser included for counts three and six. The natural inference is that it had not agreed on any other charges two of which are the greater offenses in counts three and six. That's the only natural way to read this record. So even if the court were to find there was some ambiguity about what the transition instruction allowed when the jury was allowed to consider the lesser included. Which I would contend is one contrary to the language of the instruction which I should note is the model instruction that the defendant proposed. So the defense is now arguing that his proposed instruction somehow allowed the jury to do something it's not allowed to do. That's unusual and two this court in Carruthers construed this very instruction as allowing the jury to consider to move to the lesser only upon a deadlock. So I don't think there's really any dispute about what the jury's verdict did and there's this is the briefing in this case is prolix but at bottom this case can be decided by looking at the verdict form and a couple of pages of transcript about what the court instructed the jury to do about how to return a partial verdict. And unless the court has any other questions about any other issues. I do have I do have one question Mr. Morgan. I just want to I just want to make sure I understand what what would happen in a in a retrial. So in retrial the district judge has ruled that the jury will not be advised about the about the guilt findings on the two lesser included offenses. Yes he has. So in effect the government has sort of a free a free shot here. You you've got this in the bag and you get to retry them on the other on the things. That is correct. I mean that I mean that is true. We there is now he stands convicted of the lesser included and the court will the court's not I gather the court is not prepared to instruct on a lesser included at a retrial on the theory that the jury shouldn't be deceived into and into returning a verdict for a charge that would have no legal effect. Oh I I'm going to show my district court experience of either of my colleagues or of either of counsel here. So had the jury found Mr. Hendricks guilty of the greater charge. Would it have also checked the box of guilty on the lesser charge. No if I read the instructions correctly. It's if you find it if you find the defendant guilty. I'm going to read it to make sure he's if you find guilty proceed to a which is the weight of the drugs and then it goes if you find the defendant guilty of the greater skip to be. So you would so in the event the jury had convicted on the greater it would have been instructed under the verdict form to skip the lesson. So it wouldn't have considered the lesser at that point. Would as a matter of of you know good administ court administration would it have been better here to have separated to a and to be into into separate numbered inquiries. What's the benefit of hindsight and the arguments that are being made now perhaps. Have you seen that have you seen that done in other cases. I mean I can't say that I have. I know that this is a this verdict form is sort of how it's done in our district for the most part at least in my experience. What would have probably been helpful is you're going to have this would be an option for deadlock. That would have been you know that would have been something that would have been very helpful. But a third blank on the put a third blank. But again we know that they were deadlocked because of the instructions especially the supplemental instructions. So the record could have been more clear and that will be a good practice point going forward. But I don't think it changes legally the effect of the verdict that was returned in this case or the lack of a verdict that was returned I should say. Thank you. Unless the court has any other questions about any other aspect of the case the government would ask either that this appeal be dismissed or in the alternative the district court order be affirmed. Thank you. Thank you counsel Roboto. Yes your honor. Let me just hit a few quick points. The government's completely wrong. We're not contending that this instruction allowed the jury to do something it wasn't allowed to do. It instructed the jury that they can without hanging or quitting turn to the lesser. That's exactly the word of the instruction. There's nothing improper in that. And I just understand the government's contention. Number two the government talks about the court's other comments to the jury. Let's take one example. 2 ER 111. Complete the portions of the verdict form you're able to reach unanimous agreement on. Do nothing in regard to the ones you can't. That doesn't address. These instructions said consider the instructions as a whole and it has to be considered in connection with instruction 19 which said in essence you can convict on the lesser without doing anything on the greater just as long as one person has a reasonable doubt. Clearly the jury understood that this didn't mean only if a doctor tells you take Tylenol if you've got a fever the only take five Tylenol if you have a fever. The jury if it had followed instruction 19 and accepted Mr. Morgan's view would sit in the jury room forever because they neither were hung nor did they return from the verdict on 2A. They had returned a verdict on 2B and they thought they could return. Third the government claims that the jury forum refers to 2A and 2B as different separate charges. That's not true at all. It says two as to the charge of possession and then it says turn to the lesser included offense. It is a part of the same offense. There's nothing that says to the jury these are two separate charges and to understand the court's question as being about this charge. They returned a verdict on this charge and this question was at the least reasonably understandable. Would it have been a better practice counsel to have to have separated them into different numbered paragraphs? I haven't really thought that through your honor. I don't have a view. What I know is that on this record where the government's burden is to establish a manifest necessity. The combination of the court's failure to ask further and this quest form and instruction 19 means they don't mean they're burdened. The government also says well we're court has to utter the word mistrial. The court clearly did not intend by the record didn't declare a mistrial as to these and then it did dismiss the jury. So the government can have only two theories. Counsel the district court has addressed this in in his order which is a very very careful order because he says look this would have been a better practice. I probably why it why he it would have been inappropriate. Why there why there's some confusion both on his part and why he had to be careful because 2a and 2b were were part of the same numbered paragraph. He did and he was wrong your honor. We explained in detail on our opening brief there was no rock and hard place at all. It would have been very easy to say if in fact the court first inquired and determined there was a deadlock on 2a. I find the jury has returned a verdict of guilty on the hopelessly deadlocked on the greater. That's so easy. There's no rock. There's no hard place. The court could easily have done that but but returning to the government's other point about declaration mistrial. Since the doctrine of applied consent doesn't apply where there's no declaration mistrial. Yes this court could find under no review if the government had met its heavy burden of demonstrating hopeless deadlock and thus manifest necessity. But the combination of the instructions here which were totally proper the court's in inartful question leaves us speculating about what the jury was thinking. There there is nothing in any of the things the government points to that makes it sufficiently clear that the jury was hopelessly deadlocked on the greater as opposed to. You say the court's definitely speculating aren't you? Your honor it's the government's burden. What we're saying is what but right now you're saying that we don't know and I'm saying aren't you speculating as to what the jury decided. If there's 11 to 1 10 to 2 whatever the situation may have been and you've got a district court that's given everything they could do. Remember this lesser included was requested by the defense and the defense not neither defense or the government made any issue about how this was understood that this jury was not able to reach a verdict on counts three and six. They left it blank as they were instructed. So now you're speculating as to what they meant by leaving it blank. Your honor I respectfully disagree. We're not speculating because we don't we're saying we don't know what was in the jury's mind and it's the government's burden to prove what it was and this record does not allow that. We aren't speculating. It is possible they were hung. It's certainly possible. We're not saying they weren't hung. We're saying that the supreme court and this court in green and grazzle have made clear that with an instruction that was even far more demanding than this one. That's not enough. Without an inquiry from the court are you deadlocked on the greater. When the court dismisses the jury that's an implied acquittal. That's our position. We're not speculating. We're saying the government is speculating and can't meet its burden by doing so. Anything else counsel? All right if there are no further questions I thank both counsel for your argument. The case just argued is submitted for decision by the court.
judges: Rawlinson, Bybee, England